**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN C. KAHL,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No. 26-cv-6191** |
| | : | |
| **PHILADELPHIA PRISONS, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**Joseph F. Leeson, Jr.** **October 27, 2026**
**United States District Judge**

John C. Kahl initiated this civil action by filing a *pro se* Complaint naming as Defendants Philadelphia Prisons and the Philadelphia Clerk of Courts.[1] (ECF No. 2 at 2.) Kahl also filed a motion for leave to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Kahl leave to proceed *in forma pauperis* and dismiss the Complaint on statutory screening pursuant to 28 U.S.C. § 1915. Kahl will be permitted to amend his Complaint.

## I. FACTUAL ALLEGATIONS[2]

Kahl was incarcerated at Philadelphia Industrial Correctional Center (PICC) on a probation violation from July 25, 2025, until October 17, 2025. (Compl. at 4-6.) On October 10, 2025, Philadelphia County Court of Common Pleas Judge Zachary Shaffer sentenced Kahl to a

---

[1] Based on the context of his allegations, the Court understands Kahl to assert his claim against the Philadelphia *County* Clerk of Courts.

[2] The factual allegations set forth in this Memorandum are taken from Kahl's Complaint ("Compl."), consisting of a completed civil complaint form for use by unrepresented parties, plus attachments. (*See* ECF No. 2.) The Court adopts the sequential pagination supplied by the CM/ECF docketing system. The Court may consider matters of public record when conducting a screening under § 1915. *Castro-Mota v. Smithson*, No. 20-940, 2020 WL 3104775, at *1 n.3 (E.D. Pa. June 11, 2020) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).

term of thirty-to sixty-days' imprisonment on the probation violation, and Kahl asserts that the clerk made an error in the sentencing order.[3] (*Id.* at 4-5.) Kahl's lawyer informed the judge of the error, and the judge personally corrected the paperwork. (*Id.*) Kahl asserts that the maximum date for his sentence occurred on September 25, 2025, but he was erroneously kept at PICC until he was released on October 17, 2025. (*Id.* at 3.)

In August 2026, Kahl filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that he was falsely imprisoned in violation of his constitutional rights. (*Id.*) The Court understands Kahl to bring claims against the individual court clerk who Kahl blames for the sentencing error, as well as the Philadelphia Clerk of Courts and Philadelphia Prisons. (*Id.* at 2, 5.) Kahl asserts he suffered mental trauma from the additional incarceration time and seeks monetary damages. (*Id.* at 5.)

## II. STANDARD OF REVIEW

The Court will grant Kahl leave to proceed *in forma pauperis* because he appears unable to pay the filing fee to commence this matter. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient

---

[3] Public criminal court dockets reflect that Kahl was convicted of sexual assault and other charges in the Philadelphia County Court of Common Pleas in 2010. *Commonwealth v. Kahl*, CP-51-CR-0014127-2010 (C.P. Philadelphia). The docket in that case confirms that he was sentenced on a parole violation on October 10, 2025, and it reflects first "Court Commitment State or County Correctional Institution" and then "Release of Prisoner" on October 15, 2025. *Id.*

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 560 U.S. 544, 556 (2007)). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Kahl's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197, 204 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Kahl is proceeding *pro se*, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* Additionally, the Court must dismiss claims for monetary damages that are raised against an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(iii).

## III. DISCUSSION

Kahl's Complaint fails set forth a claim pursuant to 42 U.S.C. § 1983 against any plausible defendants. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). In other words, "[e]ach Government official, his or her title notwithstanding, is only liable for his or her *own* misconduct." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original).

Kahl alleges that he was detained for approximately three weeks past his maximum release date. (Compl. at 4.) While he has characterized the claim as "false imprisonment," the Court construes[4] it as a cruel and unusual punishment claim under the Eighth Amendment.[5] *See Herrera v. Agents of Pa. Bd. of Probation and Parole*, 132 F.4th 248, 254 (3d Cir. 2025) (construing overdetention allegation as cruel and unusual punishment claim under the Eighth Amendment).

First, the claim against the Philadelphia Prison cannot proceed as pleaded. As the Third Circuit has held, "the Philadelphia Prison System, [a] department[ ] of the City of Philadelphia itself, [is] not [a] proper defendant[ ]" in an action brought under § 1983. *Russell v. City of Philadelphia*, 428 Fed. App'x 174, 177 (3d Cir. 2011) (*per curiam*) (citing 53 Pa. Con. Stat. Ann. § 16257; *Bey v. City of Philadelphia*, 6 F. Supp. 2d 422, 423 (E.D. Pa. 1998)); *see also Durham v. Philadelphia Prison Sys.*, No. 18-2113, 2018 WL 3105589, at *2 (E.D. Pa. June 25, 2018) (explaining that the "Philadelphia Prison System is not an entity that is subject to suit separate from the City of Philadelphia" (citing 53 Pa. Cons. Stat. Ann. § 16257)). Because the Philadelphia Prison System is not considered a "person" for purposes of § 1983, *Durham*, 2018

---

4 A state-law claim for false imprisonment is not cognizable under § 1983. Moreover, this Court would lack jurisdiction overly a purely state-law claim because the parties are not diverse.

5 In order to plead an Eighth Amendment overdetention claim, a plaintiff must assert that "(1) a prison official knew of the prisoner's possible overdetention and the risk that unwarranted punishment was being, or would be, inflicted; (2) the official failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to the prisoner's plight; and (3) there was a causal connection between the official's response, or lack thereof, and the overdetention." *Herrera*, 132 F.4th at 258 (citing *Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989)).

WL 3105589 at *2 (citing *Peele v. Philadelphia Prison Sys.*, No. 12-4877, 2015 WL 1579214, at *2 (E.D. Pa. April 8, 2015)), Kahl's claim against it will be dismissed.[6]

Kahl also named the Philadelphia Clerk of Courts as a Defendant, and he checked the box on the form he used indicating that he sues the Clerk in his official capacity. (Compl. at 2.) Kahl appears not to have understood the implication of checking the official capacity box. A claim alleged against a Defendant in their official capacity as court clerk constitutes a claim against the Pennsylvania Unified Judicial System. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"). Because the Pennsylvania Unified Judicial System is an instrumentality of the Commonwealth, the claim is thus construed against the Commonwealth and barred by Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that Pennsylvania's Judicial Districts are entitled to immunity from suit under the Eleventh Amendment); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984) (holding that the Eleventh Amendment sovereign immunity clause bars suits seeking monetary damages against a state and its agencies in federal court, unless a state consents to the contrary); *Banks v. Court of Common Pleas FJD*, 342 F. App'x 818, 820 (3d Cir. 2009) (*per curiam*) (acknowledging that the Court of Common Pleas and its officers or agencies of the Unified Judicial System are entitled to immunity from suit under the Eleventh Amendment); *Shepherd v. Armitage*, No. 25-6238, 2026 WL 442416, at *3 (E.D. Pa. Feb. 17, 2026) (concluding that Pennsylvania clerks of court sued in their official

---

6 In any event, Kahl has not asserted facts in this Complaint suggesting a municipal policy or custom caused his injuries, pursuant to *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978), as is necessary to state a § 1983 claim against a municipal entity.

capacity have Eleventh immunity to suit). The official capacity claim against the Philadelphia County Clerk of Courts is thus dismissed on Eleventh Amendment grounds.

Given Kahl's *pro se* status, the Court will liberally construe the Complaint to assert claims against the Philadelphia Clerk of Courts and against the court clerk Kahl blames for the sentencing error, in their individual capacities. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Philadelphia*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed event though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct). However, both clerks enjoy quasi-judicial immunity from suit. Courts have held that clerks of court and clerk's office employees enjoy absolute immunity and quasi-judicial immunity when performing duties required by statute or at the direction of judicial authority. *See Elkabany v. Shapiro*, No. 25-3510, 2026 WL 1746956, at *2 (3d Cir. June 17, 2026) (*per curiam*) (affirming dismissal of claims against the "Salem County Court Staff" and other "unnamed" court personnel involved in plaintiff's divorce proceedings as barred by quasi-judicial immunity (citing *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 772-73 (3d Cir. 2000))); *Dongon v. Banar*, 363 F. App'x 153, 156 (3d Cir. 2010) (*per curiam*) ("[A]ctions taken by those charged with the responsibility of carrying out a court's order would be barred by the doctrine of absolute quasi-judicial immunity."); *see also Harris v. Cashman*, No. 20-528, 2021 WL 602679, at *5 (W.D. Pa. Feb. 16, 2021) ("The doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to the danger that disappointed litigants, blocked by the doctrine of

absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." (quoting *Stout v. Naus*, No. 09-0380, 2009 WL 1794989, at *3 (M.D. Pa. June 23, 2009))).

Kahl has not alleged that the Philadelphia Clerk of Courts was personally involved in his case, *see Rode*, 845 F.2d at 1207, much less that the Clerk of Courts performed duties outside of those required by statute or without direction of judicial authority, *see Elkabany*, 2026 WL 1746956, at *2. As to the unnamed court clerk, that Defendant is entitled to quasi-judicial immunity for acts taken in a court-appointed role and is immune from Kahl's claim alleging that the clerk entered an error regarding sentence. *See, e.g.*, *Youst v. Roth*, No. 23-0848, 2023 WL 3821813, at *11 (E.D. Pa. June 5, 2023) ("The Complaint makes clear, however, that [the Clerk of Court] was performing activities that are integrally related to the judicial process as she was required to do under Pennsylvania law, and her immunity is not rendered a nullity even if she made a mistake or improperly discharged those duties." (citations omitted)). Kahl apparently blames the overdetention error on the clerk's transcription of the sentence imposed by the judge for the probation violation. But Kahl does not allege any facts showing that the court clerk was acting in a role other than his or her position as a court clerk. The claims alleged against the Philadelphia Clerk of Courts and an unnamed clerk in their individual capacities will be dismissed.

## IV. CONCLUSION

The Court will grant Kahl's motion for leave to proceed *in forma pauperis* and will dismiss the Complaint for failure to state a claim and because Kahl has sued Defendants who are immune from suit. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Cognizant of his *pro se* status, the Court will grant Kahl an opportunity to file an amended complaint if he can raise plausible

claims against a proper defendant. Kahl may not raise claims against the Defendants he has named in this Complaint for the reasons explained above.

An appropriate Order containing more information about amendment follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*______________
**JOSEPH F. LEESON, JR.**
**United States District Judge**